**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERIC PARTAK,**

                              **Plaintiff,**

          v.                                    **9:09-CV-1256**
                                                        **(FJS/GJD)**

**BRIAN FISCHER,** in his capacity as Commissioner of the
New York State Department of Correctional Services (DOCS)
and in his individual capacity; **LUCIEN J. LeCLAIRE, JR.,**
in his capacity as Deputy Commissioner of DOCS and in his
individual capacity; **PETER D. BEHRLE,** in his capacity as
Superintendent of Greene Correctional Facility and in his
individual capacity; **E. RUFF,** in his capacity as Corrections
Officer of Greene Correctional Facility and in his
individual capacity; **JOHN/JANE**
**DOES 1-50,** DOCS Supervisory, training and policy
personnel, in their individual capacities; and
**NIK PUBLIC SAFETY, INC.,**

                              **Defendants.**
_____

**APPEARANCES**

**ERIC PARTAK**
**05-A-6124**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court are Plaintiff Erik Partak's *pro se* civil rights complaint and his

application to proceed *in forma pauperis*. *See* Dkt. Nos. 1, 2.

In his complaint, Plaintiff alleges that he was found guilty, after a Tier III hearing, of possessing a controlled substance but that the finding of guilt was ultimately reversed on appeal. *See* Dkt. No. 1. Plaintiff claims that Defendants violated his rights under the Fourteenth Amendment to the United States Constitution when they "subjected [him] to wrongful confinement after police laboratory test showed that the substance found in [his] cell was not a controlled substance." *See id.* at ¶ 24.

## II. DISCUSSION

The Court has reviewed Plaintiff's *in forma pauperis* application. *See* Dkt. No. 2. Since Plaintiff sets forth sufficient economic need, the Court finds that Plaintiff may properly commence this action *in forma pauperis*.

Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations that he has set forth in his complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that section 1915A applies to all actions that prisoners bring against government officials even when they have paid the filing fee (citations omitted)); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

Additionally, when reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  "The purpose of this Rule 'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense'" and to determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)) (other citation omitted).

"The standard of review under the federal *in forma pauperis* statute is the same as that under Federal Rule of Civil Procedure 12(b)(6)."  *Salazar v. Dembin*, No. 04 CV 4572, 2005 WL 524578, *2 (E.D.N.Y. Feb. 23, 2005) (citing *Cieszkowska v. Grayline New York*, 2001 WL 1131990 (S.D.N.Y. 2001)).  Thus, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (citation omitted). Thus, a pleading that only "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, No. 08-0102-cv, 2009 WL 1762856, *1 (2d Cir. Jun. 23, 2009).

### *1. Defendant NIK Public Safety, Inc.*

Plaintiff brought this action under 42 U.S.C. § 1983 ("Section 1983"). "Section 1983 establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508, 110 S. Ct. 2510, 2516, 110 L. Ed. 2d 455 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). In order to state a claim under § 1983, a plaintiff must allege that either a state actor or a private party acting under color of state law injured him. *See Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (citation omitted); *see also Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state-action requirement

under § 1983).  "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295 (2d Cir. 1991) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777, 2784-85, 73 L. Ed. 2d 534 (1982)).  A plaintiff may hold a private defendant liable only as "'a willful participant in joint activity with the State or its agents.'" *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)) (footnote omitted).  A plaintiff can maintain a claim under § 1983 against a private entity by "showing that a person acting under color of state law . . . collaborated or conspired with a private person . . . to deprive the plaintiff of a constitutional right . . . ." *Fries v. Barnes*, 618 F.2d 988, 990 (2d Cir. 1980) (citing *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)).

Plaintiff identifies Defendant NIK Public Safety, Inc. as a manufacturer and distributor of narcotics test kits that law enforcement agencies use.  *See* Dkt. No. 1 at 4.  One of Defendant NIK Public Safety, Inc.'s employees testified at Plaintiff's disciplinary hearing "that AJAX would not produce a color change for illicit drugs, specifically cocaine." *See id*.  Plaintiff has not alleged that Defendant NIK Public Safety, Inc. acted under color of state law.  Therefore, in order to maintain his claim against Defendant NIK Public Safety, Inc., Plaintiff must allege facts that demonstrate that Defendant NIK Public Safety, Inc. conspired with a state actor to violate his constitutional rights.

Plaintiff merely alleges that "Defendants also conspired among themselves to [violate Plaintiff's Fourteenth Amendment rights] (taking numerous overt steps in furtherance thereof), and/or failed to prevent one another from doing so." *See* Dkt. No. 1 at ¶ 24.  Plaintiff's conclusory allegation that

Defendants, who include a private entity and state actors, conspired with each other is insufficient to state a § 1983 claim against the private entity. *See Spear*, 954 F.2d at 68 (holding that a conclusory allegation that a private entity acted in concert with a state actor "does not suffice to state a section 1983 claim" against the private entity). "[T]he complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Id.*

Plaintiff has not alleged, except in conclusory fashion, that any meeting of the minds occurred between Defendant NIK Public Safety, Inc. and any of the state Defendants; therefore the complaint does not contain any allegations to support a "plausible" conspiracy claim. "[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be 'enough to raise a right to relief above the speculative level.'" *Flores v. Levy*, No. 07-CV-3753, 2008 WL 4394681, *9 (E.D.N.Y. Sept. 23, 2008) (quoting [*Bell Atlantic Corp.*,] 127 S. Ct. at 1965). Plaintiff has failed to state a claim against Defendant NIK Public Safety, Inc. because he has failed to allege any facts demonstrating that Defendant NIK Public Safety, Inc. acted under color of state law or acted in concert with a state actor to violate Plaintiff's constitutional rights. Accordingly, the Court dismisses Defendant NIK Public Safety, Inc. from this action without prejudice.

### 2. John/Jane Doe Defendants

Plaintiff has asserted claims against "John/Jane Doe" Defendants in this action. The Court advises Plaintiff that the United States Marshals Service cannot effect service on a "John/Jane Doe" defendant. In the event that Plaintiff wishes to pursue his claims against any of these defendants, he must take reasonable steps to ascertain his/her identity. Upon learning the identity of a "John/Jane Doe" defendant, Plaintiff must amend his complaint to properly name him or her as a defendant herein. If

Plaintiff fails to ascertain the identity of any Doe defendant so as to permit the timely service of process, the Court will dismiss this action against that individual.

### *3. Remaining claims*

Although the Court takes no position regarding the merits of the claims that Plaintiff has set forth in his complaint against the remaining Defendants, the Court will direct service of the complaint.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Defendant NIK Public Safety, Inc. is **DISMISSED WITHOUT PREJUDICE** from this action; and the Court further

**ORDERS** that Plaintiff's *in forma pauperis* application is **GRANTED**.[1] Upon receipt from Plaintiff of the documents required for service of process, the Clerk of the Court shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the remaining Defendants. The Clerk of the Court shall also forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall provide the Superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's authorization form and notify that official that Plaintiff has filed this action and is required to pay the entire statutory filing fee of

---

[1] Plaintiff should note that, although the Court has granted his application to proceed *in forma pauperis*, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

$350.00 pursuant to 28 U.S.C. § 1915; and the Court further

**ORDERS** that the Clerk of the Court shall provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and the Court further

**ORDERS** that Defendants or their counsel shall file a formal response to Plaintiff's complaint as provided for in Rule 12 of the Federal Rules of Civil Procedure after service of process on Defendants; and the Court further

**ORDERS** that Plaintiff shall take reasonable steps to ascertain the identity of the Doe Defendants listed in his complaint and, if appropriate, file a motion to amend his complaint to add such individuals, by name, as defendants to this lawsuit; and the Court further

**ORDERS** that the parties to this action shall file all pleadings, motions and other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse and Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  **A party must accompany any paper that it sends to the Court or to the Clerk of the Court with a certificate showing that the party has mailed a true and correct copy of the same to all opposing parties or their counsel.  The Court will strike from the record any document that the Court or the Clerk of the Court receives which does not include a proper certificate of service.**  Plaintiff must comply with any requests of the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with this District's Local Rule 7.1 in filing motions, which must be returnable before the Court with proper notice as the Rules require. **Plaintiff is also required to notify, in writing, the Clerk's Office and all parties or their counsel of any change in his address promptly; his failure to do so will result in the dismissal of this action.** The Court will decide all motions on submitted papers without oral argument unless the Court orders

otherwise; and the Court further

     **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 21, 2009
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge